UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GM GOLD & DIAMONDS, LP | § |
| Plaintiff | § |
| v. | § CIVIL ACTION NO |
| RAFAELLO & COMPANY INC. dba RAFAELLO & CO. | § |
| and RAFAEL ARANBAYER | § |
| Defendants | § |

## COMPLAINT

Plaintiff, GM Gold & Diamonds, LP ("GM") alleges as follows:

1.  This is a diversity case arising out of the business dealings between GM and Defendants, Rafaello & Company Inc. doing business as Rafaello & Co. ("Rafaello") and Rafael Aranbayer ("Aranbayer") ( collectively referred to herein from time to time as the "Defendants"). The legal theories of recovery are suit on sworn account, breach of contract, unjust enrichment, and fraud. GM seeks monetary damages as relief for the Defendants' breach.

**I.**

**JURISDICTION AND VENUE**

2. Jurisdiction is based on 28 U.S.C. §1332, diversity of citizenship with the amount in controversy in excess of $75,000.00.

3. Venue in the Southern District of Texas is proper under 28 U.S.C. § 1391 and has been agreed to by the parties involved through written contract.

## II.
## PLAINTIFF

4. GM is a corporation duly licensed and operating under the laws of this State with a principal place of business located in Houston, Harris County, Texas.

## III.
## DEFENDANT

5. Defendant, Rafael Aranbayer, is an individual and the guarantor of the debts of Rafaello & Company Inc. doing business as Rafaello & Co.. He may be served with process at his residence, 82-11 Beverly Rd., Kew Gardens, NY 11415.

6. Defendant, Rafaello & Company Inc. doing business as Rafaello & Co. is an active, New York corporation. It may be served by serving its chief executive officer, Rafael Aranbayer, at his residence, 82-11 Beverly Rd., Kew Gardens, NY 11415.

## IV.
## APPLICATION OF TEXAS LAW - ERIE DOCTRINE

7. In a Federal Diversity case, the federal courts shall apply the laws of the

state in which they sit. *Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct 1464, 89 L. Ed. 2079 (1945)*.

8. Texas law will be applicable to the counts addressed in this Complaint.

V.

**FACTS**

9. On or about April 15, 2021, Rafaello and Aranbayer signed a new account application (the "Agreement") with GM in order to purchase jewelry merchandise. Aranbayer unconditionally and irrevocably guaranteed payment of all obligations incurred by Rafaello, including all renewals, extensions or additions together with the imposition of interest, attorney's fees and court costs, even without the institution at suit. The guarantee is continuing and applies to any and all purchases made by Rafaello. The Defendants further agreed that in the event the account is placed with an attorney or agency for collection, they would pay reasonable attorney's fees, costs of collection and consented to jurisdiction and venue in Harris County, Texas. A true copy of the new account application is attached as Exhibit "A".

10. Since April 15, 2021, Rafaello placed orders with GM totaling $484,004.59, received the merchandise ordered, but has failed and refused to pay the remaining principal balance of $169,700.18, as evidenced by a true and correct copy of the customer ledger report which is attached as Exhibit "B".

## VI.
## COUNT I-Breach of Contract for Principal Balance

11. GM provided jewelry merchandise to Rafaello. Rafaello has failed to pay for the merchandise it ordered and received. The principal balance owed is $169,700.18 as of January 10, 2023.

12. Accordingly, GM is entitled to recover the principal balance in the amount of $169,700.18 from the Defendants.

## VII.
## COUNT II-Breach of Contract for Interest

13. Pursuant to contract, Rafaello and Aranbayer agreed to an interest rate of 1.5% per month to be applied to all unpaid balances. As authorized by contract, interest in the amount of $44,936.16 has or will accrued through of February 1, 2023. Interest continues to accrue at the rate of $83.68 per day.

14. Accordingly, GM is entitled to recover pre-judgment interest in the amount of at least $44,936.16.

## VIII.
## COUNT III-Attorney's Fees

15. GM has made written demand upon the Defendants for payment more than thirty (30) days prior to filing of its Complaint and the Plaintiff's would show that the Defendants' failure to pay has resulted in the indebtedness to be placed in the

hands of the undersigned for collection.

16. Accordingly, GM is entitled to recover both contractual and statutory attorney's fees from the Defendants in the amount of at least $71,545.45, pursuant to applicable Texas statute and contract.

## IX.
## COUNT IV-Unjust Enrichment

17. GM is entitled to recover from the Defendants the reasonable value of the goods tendered to Rafaello. Rafaello and Aranbayer have been enriched by the goods tendered as a result of the efforts of GM. It would be unjust for Rafaello and Aranbayer to be so enriched without reasonable compensation to GM.

18. Accordingly, GM is entitled to recover the principal sum of $169,700.18, plus accrued interest from the Defendants to prevent their unjust enrichment.

## X.
## COUNT V. Quantum Meruit

19. GM is entitled to recover from the Defendants the reasonable value of the goods tendered to them. Rafaello and Aranbayer have been enriched by the goods tendered to them as a result of the efforts of GM. GM alleges that Rafaello and Aranbayer knowingly enjoyed the benefits and, by implication, agreed and became bound to pay for any charges or debt created or authorized by them. Rafaello and Aranbayer's unlawful retention of said sums has unjustly enriched them to GM's

detriment.

20. Therefore, GM is entitled to recover the principal sum of $169,700.18, plus accrued interest and attorney's fees from the Defendants.

## XI.
## COUNT VI. Fraud

21. Rafaello and Aranbayer made representations to GM concerning the intent to pay as promised for the goods and materials in question with the intent being to induce the GM into a transaction it otherwise would not have entered into without further information and actions. Aranbayer's representations were known by him to be false when made or made recklessly without knowledge of the truth and were made as positive assertions. In connection with the discussions between GM and Aranbayer, Aranbayer directly and indirectly made material misrepresentations to or failed to disclose material facts concerning the above-mentioned facts and possibly others as well.

22. The Defendants intended that GM rely on such representations to its detriment and injury upon false statements and impressions of fact being made, and on the presumption that no material facts to the contrary existed. GM relied to its detriment upon the false statements and impressions of fact purposely created by the Defendants. As a result of the Defendants' fraudulent statements, concealment and failure to disclose, GM has been damaged in an amount within the

jurisdictional limits of this court.

## XII.
## COUNT VII. Conversion

23. The Defendants' wrongful dominion and control and appropriation for his own use and benefit of the jewelry or the proceeds from the sale thereof constitutes conversion under the laws of the State of Texas.

24. Therefore, the Defendants are liable to GM in the amount of at least $169,700.18.

## XIII.
## COUNT VIII - Guaranty

25. Pursuant to his guaranty, Rafael Aranbayer is liable to GM In the sum of $169,700.18. plus interest and applicable legal fees provided by the Agreement.

## XIV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GM Gold & Diamonds, LP, respectfully prays for judgment as follows:

a. Grant judgment in Plaintiff's favor against the Defendants, jointly and severally, in the principal amount of $169,700.18; and,

b. Grant judgment in Plaintiffs' favor against the Defendants for prejudgment interest at the contractual rate of eighteen (18%) per annum commencing thirty days after the sum was due and payable, until the date of judgment; and,

c. Grant judgment in Plaintiffs' favor against the Defendants for attorney's fees in the amount of at least $71,545.45, as contractually agreed; and,

d. In the alternative, award punitive damages; and,

e. Grant judgment in Plaintiffs' favor against the Defendants for post-judgment interest at the highest rate allowed by law; and,

f. Grant such other and further relief, both at law and in equity, that the Court deems just and proper.

Respectfully submitted,

/Robert J. Mackay/
Robert J. Mackay
TXBN 12761400
FAN 13727
P.O. Box 7031
Pasadena, Texas  77508-7031
(713) 899-6279 Tel.
rjm@mackaylawfirm.com

ATTORNEY FOR PLAINTIFF
GM GOLD & DIAMONDS, LP